UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CR-00209-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DAVID DANIEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Hearing/Request for Expedited Status Conference, (Doc. No. 19). For the reasons set forth below, Defendant's Motion is **DENIED**.

Defendant requests an expedited status conference to discuss three matters: (1) the location of Defendant's pretrial detention; (2) whether this case or United States v. Daniel, 1:24-cr-200-TNM (D.D.C.), should be tried first and the impact of that sequencing on Defendant's Sentencing Guidelines Range; and (3) a conflict between Docket Call in this case, which is currently scheduled for January 6, 2025, and trial in the case against Defendant in the District of D.C., which is also scheduled for January 6, 2025. Defendant "does not wish to waive any rights to a speedy trial" in this case. (Doc. No. 19, p. 1.)

This Court does not regularly hold pretrial status conferences in criminal cases. In support of his request for an expedited status conference, Defendant points to the D.C. Court's denial of his motion to continue. (Doc. No. 19, p. 9.) Defendant represents there has been a "misunderstanding" between counsel and Judge Trevor McFadden concerning the calendaring of trial in these two cases. (Id.) On November 4, 2024, Defendant filed a Motion to Change Venue in the D.C. case seeking to transfer that case to this District. United States v. Daniel, 1:24-cr-200-

1

TNM (D.D.C.), Doc. No. 32. Based on a review of the public docket, it is not clear whether Judge McFadden has ruled on that Motion.

With respect to clearing the current calendaring conflict, Defendant was indicted in D.C. before he was indicted in this case. Therefore, while neither case is old, the D.C. case is older. And it is not clear how a status conference before this Court would ameliorate Defendant's concerns with the procedural history in the D.C. case. This Court has no control over Judge McFadden's docket. Further, this Court routinely grants Motions to Continue Docket Call in criminal cases where they are set for a regular term of Court and supported by good cause. While Defendant represents he does not wish to waive his speedy trial rights, the Court notes "delay resulting from trial with respect to other charges against the defendant" is automatically excluded from the speedy trial clock. 18 U.S.C. § 3161(h)(1)(B) (explaining such a period of delay "shall be excluded in . . . computing the time within which the trial of any such offense must commence"). Given the foregoing, the Court concludes good cause does not support scheduling an "expedited status conference" concerning the issues Defendant raises at this time.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Hearing/Request for Expedited Status Conference, (Doc. No. 19), is **DENIED**, in part without prejudice. Specifically, Defendant may renew his concerns about his place of detention by separate Motion, which may be referred to the Magistrate Judge.

**IT IS SO ORDERED.**

Signed: November 13, 2024

Frank D. Whitney
United States District Judge