IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-cr-00209

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>DAVID PAUL DANIEL,<br><br>　　　　　Defendant. | MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO SUPPRESS AND MEMORANDUM IN SUPPORT |

David Daniel moves to dismiss the Indictment.[1]

Mr. Daniel was prosecuted for alleged crimes committed at the U.S. Capitol on January 6, 2021. He was pardoned for those crimes, and that case was dismissed, pursuant to an Executive Order dated January 20, 2025.

The charges here are unrelated to the January 6 case. Mr. Daniel does not argue that the Pardon directly reaches this case. Rather, the Pardon requires dismissal because this case is entirely based on evidence that was seized pursuant to search warrants obtained exclusively in furtherance of that now- pardoned January 6 case. This puts this matter in a unique posture and presents an apparently unprecedented legal question.

---

[1] Mr. Terpening has consulted with Mr. Miller, who indicates that the government opposes the relief requested in this Motion.

1

The government, in the handful of other analogous prosecutions, has dismissed, or sought to dismiss, its indictments. For the reasons cited here and in the government's briefs in the similar cases, discussed below, the Court should dismiss this case. It is based on evidence that the government improperly obtained, because the law is now that the January 6 cases were invalid from the onset. Therefore, the operative warrants never should have been issued, and the evidence necessary to sustain this case should never have been seized.

In the alternative, Mr. Daniel moves to suppress all evidence obtained from and derivative of the government's January 6 related searches – which is all of the relevant evidence in this matter.

## BACKGROUND

Mr. Daniel was indicted on April 24, 2024, in the United States District Court for the District of Columbia, on charges related to his activities at the Capitol on January 6, 2021. *See United States v. David Paul Daniel*, 1:24-cr-200-TNM (D.D.C.) (McFadden, J.) ("DC Case"). On January 20, 2025, President Trump issued an Executive Order Granting Pardons and Commutation of Sentence for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021 ("Executive Order") (**Exhibit A**). Judge McFadden granted the government's motion to dismiss the DC Case on January 23, 2025. *See* Doc. No. 43 (**Exhibit B**).

### I. The November 28, 2023 Warrant Application.

During the DC Case investigation, federal agents applied for, and obtained, a warrant to search Mr. Daniel's person and residence for "any digital device which is capable of containing and reasonably could contain fruits, evidence, information,

2

contraband, or instrumentalities" related solely to Mr. Daniel's conduct at the Capitol on January 6 ("J6 Search Warrant"). *See* 3:23-mj-00413, Doc. No. 3 (**Exhibit C**).[2]

The support for the J6 Search Warrant application was based on the government affiant's assertion that "it is common for individuals to carry and use their cell phones during large gatherings," such as the gathering at the Capitol building on January 6, and news footage showed that many subjects in the Capitol building were "using a cell phone in some capacity." *See* Ex. C., p. 12. The government contended that because "it is common for individuals to back up or preserve copies of digital media (such as photos and videos) across multiple devices to prevent loss," there was probable cause to search all the electronic devices in Mr. Daniel's residence. *See* Ex. C. p. 26. The J6 Search Warrant was signed by U.S. Magistrate Judge David C. Keesler on November 28, 2023.

On November 30, 2023, investigators executed the DC Search Warrant and seized Mr. Daniel's Apple iPhone 14 Plus, an Eluktronics laptop computer, a MacBook laptop computer, two iPads, certain items of clothing, and an Asus laptop computer. *See* FBI Receipt for Property, November 30, 2023 (**Exhibit D**).

During review of the Asus laptop computer and iPhone 14 Plus, investigators in the DC Case allegedly observed images of a nude minor female, drug paraphernalia, and firearms. Based exclusively on this, the government initiated a separate investigation into Mr. Daniel (the "NC Case") for alleged violations of 18

---

[2] Exhibits C and E were already automatically sealed pursuant to LCrR 49.1.1(h). They will be filed under seal immediately after this brief is filed so that they are available to the Court in the record of this case's docket.

3

U.S.C. § 2252A(a)(5)(B) (possession of child pornography), and 18 U.S.C. § 2551(a) (sexual exploitation of a minor) and 18 U.S.C. § 922(g)(3) (possession of a firearm or ammunition by an unlawful user of any controlled substance) (collectively the "Target Offenses"). That investigation gave rise to the Indictment at issue in this Motion.

II. **The July 24, 2024 Warrant Application.**

Citing the alleged child sexual abuse material, drugs, and firearms that were allegedly discovered at Mr. Daniel's home pursuant to the J6 Search Warrant, federal agents in the NC Case applied for, and U.S. Magistrate Judge David C. Keesler signed on July 24, 2024, a warrant to search the electronic devices that were seized from Mr. Daniel's residence on November 30, 2023. (the "NC Search Warrant"). *See* 3:24-mj-00227, Doc. No. 3 (**Exhibit E**). The support for the NC Search Warrant was based completely on the evidence of the Target Offenses that federal agents allegedly discovered during the execution of the J6 Search Warrant. *See* Ex. E, pp. 3-4, 7.[3] Accordingly, all evidence obtained by the government pursuant to the NC Search Warrant is derivative of the evidence that was obtained during the execution of the J6 Search Warrant or the warrant obtained on March 6, which was also entirely based on the allegations in the pardoned DC Case. *See* note 3.

**LAW**

A pardon completely exonerates a person – it is as if the conviction that is pardoned was never prosecuted in the first instance. The Supreme Court said:

---

[3] The NC Search Warrant was also based on the contents of an imaged iPhone that were reviewed solely pursuant to a warrant signed by Judge Rodriguez on March 6, 2024. The March 6 warrant, like the other two warrants, was based exclusively on the allegations in the now- pardoned and dismissed DC Case. *See* Ex. E, p. 6, ¶ 15.

4

> Such being the case, the inquiry arises as to the effect and operation of a pardon, and on this point all the authorities concur. A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full, it releases the punishment and *blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence.* If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.

*Ex parte Garland*, 71 U.S. 333, 380–81 (1866)(emphasis supplied). The expansive effect of Trump's Executive Order in erasing not only Mr. Daniel's January 6 crime, but also any basis for prosecuting it in the first instance, is apparent from the Executive Order's plain text, which describes the DC Case as "a grave national injustice that has been perpetrated upon the American people over the last four years…." Ex. A, p. 1. The Order's intent is undisputedly to convey that the DC Case had no legal basis. As discussed below, the Department of Justice, in other cases, has agreed.

Mr. Daniel draws this Court's attention to the fact that the Fourth Circuit is currently considering whether the January 6 Pardon requires dismissal of cases based on unrelated conduct that was discovered in the investigation of a January 6 case. *See infra*, discussing at length *United States v. Costianes*, 1:21-cr-00458-JKB (D. Md.) (Bredar, J.), and the filings from that case attached hereto.

The Court should dismiss a case when, as here, the defendant can show that he has been deprived of due process. *See, e.g., United States v. Chan-Astorga,* 126 Fed. Appx. 364, 365 (4th Cir. 2005).

5

In the alternative, the Court can suppress the evidence. "[T]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Dickerson*, 655 F.2d 559, 561 (4th Cir. 1981). "Once the defendant establishes a basis for his motion to suppress, the burden shifts to the government to prove by a preponderance of the evidence that the challenged evidence is admissible." *United States v. Lattimore*, No. 1:15-CR-00024-MOC, 2015 WL 4249782, at *4 (W.D.N.C. July 13, 2015).

The exclusionary rule prevents "the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231–32 (2011). "The Fourth Amendment shields the people from unreasonable searches and seizures." *United States v. Lyles*, 910 F.3d 787, 791 (4th Cir. 2018). The government must obtain a valid warrant before searching" areas and content that a person has a legitimate expectation of privacy over. *United States v. Chavez*, 423 F. Supp. 3d 194, 205 (W.D.N.C. 2019). The Supreme Court has recognized a legitimate expectation of privacy over the contents of personal electronic devices. *Riley v. California*, 573 U.S. 373, 403 (2014).

## ARGUMENT

On January 20, 2025, President Trump issued an Executive Order directing the Department of Justice to dismiss with prejudice all cases related to January 6. The Justice Department has interpreted President Trump's executive order to require dismissal of unrelated crimes based on evidence discovered during January 6 related searches. This Court should do that as well.

6

The Fourth Circuit is addressing our issue right now. Elias Costianes was indicted on March 3, 2021, for his conduct at the Capitol building on January 6. *United States v. Costianes*, 1:21-cr-00180-RJL (D.D.C) (Leon, J.). Based on evidence that was discovered during a January 6 related search, Mr. Costianes was later indicted in Maryland on possession of controlled substance charges and sentenced to one year and one day in prison. *United States v. Costianes*, 1:21-cr-00458-JKB (D. Md.) (Bredar, J.), Doc. No. 17 (**Exhibit F**). While Mr. Costianes' appeal of his sentence in the Maryland case was pending in the Fourth Circuit, Mr. Costianes' January 6 case was dismissed after President Trump issued the Executive Order. Mr. Costianes filed an Emergency Motion for Relief with the Fourth Circuit requesting the U.S. Marshals release him from custody in the Maryland case citing Trump's Executive Order. *See United States v. Elias Costianes, Jr.*, No. 24-4543 (4th Cir. Mar 12, 2025), Doc. No. 17 (**Exhibit G**).

The United States consented to the relief Costianes requested in its response to his motion, filed last month on February 19, 2025, noting that in February 2021, while "searching for evidence of offenses related to the events of January 6," federal agents "discovered evidence that Mr. Costianes was non-violently possessing contraband in violation of federal law." *See id.*, Doc. No. 20 (**Exhibit H**). "After consulting with the Department of Justice's leadership, the United States . . . concluded that the President pardoned Mr. Costianes of the offenses in the [Maryland] indictment." *See* Ex. H. p. 3. The government concluded by asserting that – specifically with respect to the Maryland controlled substance case – "[b]ecause

7

President Trump has pardoned him of the offenses in the indictment, the Court should hold that this appeal is moot, vacate the judgment of conviction, and remand with instructions to dismiss the indictment." Ex. H, p. 5.

The Fourth Circuit's response to this was to request supplemental briefing on three issues, including two questions that this Court will probably ask: (1) whether it has authority to review and interpret the Pardon, and (2) whether the Pardon applies to this NC Case. *See* Order (Feb. 27, 2025)(**Exhibit I**).

The government's response to this request for supplemental brief was interesting, and telling: in a Joint Motion filed two weeks ago, it attempted to take the issues out of the Fourth Circuit's hands by vacating the Maryland conviction, and dismissing the Maryland indictment, thereby mooting the appeal:

> After further considering this case in light of the Court's questions, the government has determined that the more efficient and prudent course—and the one most consistent with President Trump's instructions—is to move to vacate Mr. Costianes's conviction and dismiss the indictment under Rule 48(a). The government has determined that, as a matter of prosecutorial discretion, it is appropriate to forego further proceedings on Mr. Costianes's non-final conviction and instead agree to dismissal with prejudice under Rule 48.

Joint Mot. to Vacate (Mar. 12, 2025)(**Exhibit J**), p. 2.

The Fourth Circuit's response to that was interesting, as well. Yesterday, it ordered the parties to answer the questions in the supplemental response, anyway. Order (Mar. 25, 2025)(**Exhibit K**). Those answers are due this coming Monday, March 31, 2025. *See id.* Presumably, the Fourth Circuit's decision will direct this Court's disposition of this Motion. In the meantime, it is clear that DOJ believes cases in this posture should be dismissed. It creates a due process issue that the

8

government has not dismissed this case, while others in different districts have been dismissed.

As another example, in *United States v. Ball*, Mr. Ball was indicted in DC on charges related to his activities at the Capitol building on January 6. 1:23-cr-00160-RC (D.D.C.) (Contreras, J.). Mr. Ball was subsequently indicted in the Middle District of Florida for possession of a firearm as a convicted felon. *United States v. Ball*, 5:24-cr-00097-TPB (M.D. Fla.) (Barber, J.), Doc. No. 1 (**Exhibit L**). Mr. Ball's Florida indictment was based on evidence discovered during a January 6 related search. On January 21, 2025, the United States moved to dismiss Mr. Ball's DC case based on President Trump's Executive Order. *See United States v. Ball*, 1:23-cr-00160-RC-(D.D.C.) (Contreras, J.), Doc. No. 74 (**Exhibit M**). Citing the Executive Order, the United States soon moved to dismiss Ball's Florida charges as well, and the court granted the motion and dismissed the case. *See United States v. Ball*, 5:24-cr-00097-TPB (M.D. Fla.) (Barber, J.), Doc. No. 42 (**Exhibit N**); *also see* text entry 46 (dismissing the case).

As a third example, the government in *United States v. Brown*, 8:21-cr-348-SDM-SPF (M.D. Fla. Mar. 25, 2025) moved to dismiss its indictment yesterday, for the same reasons. *See* Request for Leave to Dismiss (Mar. 25, 2025)(**Exhibit O**).

Although the crimes with which *Costianes*, *Ball*, and *Brown* were charged in Maryland and Florida were unrelated to their January 6 charges, the government concluded that the Executive Order required their dismissal because they were based on information discovered by the government during January 6 related searches.

9

Mr. Daniel was indicted on April 24, 2024, on charges related to his activities at the Capitol building on January 6. On November 30, 2023, during a January 6 related search, federal agents seized and searched all the electronic devices that were in Mr. Daniel's residence. Based exclusively on evidence that was allegedly discovered during the execution of the J6 Search Warrant (and a separate warrant that Judge Rodriguez signed on March 6, 2024, also fully based on the DC Case events, *see supra*, note 3), Mr. Daniel was indicted in this District on charges related to possession of child pornography. Mr. Daniel's pardon in the DC Case requires dismissal of the unrelated charges in this case because the evidence allegedly supporting the instant charges was discovered during a January 6 related search.

Further, because the government and other courts have dismissed the analogous cases, Mr. Daniel's Fifth Amendment due process rights require this case to be dismissed: basic principles of notice, foreseeability, the rule of lenity, and the right to fair warning bear on the constitutionality of attaching criminal penalties to what courts in this country have already held to be pardoned conduct. *See, e.g., Bouie v. City of Columbia,* 378 U.S. 347, 353 (1964). If the scope and ramifications of the Executive Order are construed more narrowly for Mr. Daniel than they have been for other similarly situated defendants by other district courts, Mr. Daniel's due process rights will be violated. The Fifth Amendment therefore requires Mr. Daniel's pardon to be interpreted to require dismissal of the charges in this case, which are exclusively based on evidence discovered during the January 6 related search, and this case to be dismissed.

However, if the Court chooses to not dismiss the case, the Court should suppress all evidence obtained by and derivative of the government's execution of the J6 Search Warrant. Evidence obtained during an unlawful search cannot be used as "proof against the victim of the unlawful search." *Wong Sun v. United States*, 371 U.S. 471, 484 (1963). The exclusionary rule prevents "the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231–32 (2011). Here, the warrants were unlawful because they were issued for a pardoned case that never should have been brought, is treated by the law as having never been brought, and that was a "grave national injustice." *See* Ex. A.

The federal agents in the NC Case relied exclusively on the fruits of the J6 Search Warrant to obtain the probable cause for the NC Search Warrants. The support for the NC Search Warrants was based on the child pornography, drugs, and firearms that federal agents in the DC Case allegedly discovered pursuant to the J6 Search Warrant. But for the January 6 search, federal agents would not have discovered the alleged child pornography on the Asus laptop and iPhone 14, or the drugs and firearms in Mr. Daniel's residence, and would not have had probable cause for the NC Search Warrants. Thus, all evidence obtained by the government pursuant to the NC Search Warrants is derivative of the J6 Search Warrant. Because Mr. Daniel was pardoned for all crimes related to his activities on January 6, all evidence derivative of the J6 Search Warrant must be suppressed.

WHEREFORE, Mr. Daniel respectfully requests that the Court dismiss this case. In the alternative, Mr. Daniel requests that the Court suppress all evidence obtained from and derivative of the government's January 6 related search of the electronic devices seized from Mr. Daniel's residence.

Respectfully submitted this 26th day of March 2025.

/s/ William R. Terpening
William R. Terpening
N.C. Bar No. 36418
Connor Reid
N.C. Bar No. 62617

**TERPENING LAW PLLC**
221 W. 11th Street
Charlotte, North Carolina 28202
terpening@terpeninglaw.com
(980) 265-1700

*Counsel for David Paul Daniel*

## CERTIFICATE OF COMPLIANCE WITH
## STANDING ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in Westlaw. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated March 26, 2025.

/s/ William R. Terpening
William R. Terpening

**CERTIFICATE OF SERVICE**

I certify that I have filed this **MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO SUPPRESS AND MEMORANDUM IN SUPPORT** through the Court's ECF system, which constitutes service on all parties.

Dated: March 26, 2025.

/s/ William R. Terpening
William R. Terpening
