IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CR-209-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | MEMORANDUM AND RECOMMENDATION |
| v. | ) | |
| DAVID DANIEL, | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss, Or In The Alternative, To Suppress And Memorandum In Support" (Document No. 25) filed March 26, 2025. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

This matter involves two different cases against Defendant David Daniel ("Defendant" or "Daniel"): the above-captioned case in this Court charging receipt and possession of child pornography and sexual exploitation of minors, and one case in the United States District Court for the District of Columbia pertaining to the events at the Capitol on January 6, 2021.

On April 24, 2024, Defendant was indicted in the United States District Court for the District of Columbia on charges related to his activities at the Capitol on January 6, 2021. See United States v. Daniel, 1:24-CR-200-TNM (D.D.C.) (McFadden, J.) (the "DC Case") (Document No. 19).

On October 15, 2024, a federal grand jury indicted Defendant in the instant matter for one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Document No. 14).

On January 20, 2025, President Trump issued a Proclamation "Granting Pardons And Commutation Of Sentences For Certain Offenses Relating To The Events At Or Near The United States Capitol On January 6, 2021" (the "Pardon"). Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025); (Document No. 25-1).

On January 23, 2025, the Government's motion to dismiss the indictment in Defendant's DC Case pursuant to the Pardon was granted. 1:24-CR-200-TNM (D.D.C.) (Document No. 43).

Defendant's "Motion To Dismiss, Or In The Alternative, To Suppress And Memorandum In Support" (Document No. 25) was filed in the instant matter on March 26, 2025.

On April 15, 2025, a "Superseding Bill Of Indictment" (Document No. 31) was filed in this matter. The Superseding Bill Of Indictment charges Defendant with: two counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a); two counts of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (collectively, the "child exploitation charges"). (Document No. 31).

The "Government's Opposition To Defendant's Motion To Dismiss Or Suppress" (Document No. 32) was filed on April 16, 2025. "Defendant's Reply To Government's Response In Opposition To Defendant's Motion To Dismiss Or Suppress" (Document No. 35) was filed on April 28, 2025.

The principal questions presented by Defendant's motion are: (1) whether the Pardon requires dismissal of the child exploitation charges in this matter; and (2) whether the Pardon

requires suppression in this matter of Government evidence obtained pursuant to its investigation into the events of January 6.

## II. DISCUSSION

Defendant seeks dismissal or, in the alternative, suppression, "because this case is entirely based on evidence that was seized pursuant to search warrants obtained exclusively in furtherance of [the] now-pardoned January 6 case." (Document No. 25, p. 1).

On November 28, 2023, the undersigned issued a warrant (Document No. 26-1) (the "J6 Search Warrant") permitting the search of Defendant's person and residence for devices that may contain evidence of his conduct at the Capitol on January 6, 2021. On November 30, 2023, investigators executed the warrant and seized several electronic devices. (Document No. 25, p. 3); (Document No. 25-3). Defendant asserts that upon review of two of these devices pursuant to the J6 Search Warrant, "investigators in the DC Case allegedly observed images of a nude minor female, drug paraphernalia, and firearms." (Document No. 25, p. 3). Defendant contends that "[b]ased exclusively on this, the [G]overnment initiated a separate investigation into Mr. Daniel (the "NC Case")" for alleged violations of 18 U.S.C. §§ 2252A(a)(5)(B), 2251(a), and 922(g)(3), which "gave rise to the Indictment at issue" in the instant motion. Id. at pp. 3–4. On July 24, 2024, federal agents obtained a subsequent warrant (Document No. 26-2) (the "NC Search Warrant"), also signed by the undersigned, to search the seized electronic devices for evidence of child exploitation and firearm offenses.

Accordingly, Defendant contends that the Government's evidence in this matter, and this matter in general, are entirely derivative of the now-pardoned DC Case. (Document No. 25, p. 4).

The undersigned will first consider whether the Pardon requires dismissal of the indictment in this matter.

3

## A. Motion To Dismiss

Defendant concedes that "[t]he charges here are unrelated to the January 6 case," and "Mr. Daniel does not argue that the Pardon directly reaches this case." (Document No. 25, p. 1). Rather, Defendant contends that "the Pardon requires dismissal because this case is entirely based on evidence that was seized pursuant to search warrants obtained exclusively in furtherance of [the] now-pardoned January 6 case." Id.

Defendant points to the Fourth Circuit's consideration of "whether the January 6 Pardon requires dismissal of cases based on unrelated conduct that was discovered in the investigation of a January 6 case" in United States v. Costianes, 1:21-CR-458-JKB (D. Md.) (Bredar, J.), and attaches filings from that case to his motion. Id. at p. 5; (Document Nos. 25-4, 25-5, 25-6, 25-7, 25-8, 25-9).

In Costianes, as a result of Mr. Costianes' presence and conduct at the United States Capitol on January 6, 2021, "the United States District Court for the District of Maryland issued warrants authorizing searches of Costianes' residence, vehicle, and cellphone." United States v. Costianes, 782 F. Supp. 3d 253, 253–57 (D. Md. 2025); (Document No. 25, p. 7). Following the execution of those warrants, Mr. Costianes pleaded guilty in the United States District Court for the District of Maryland to possession of firearms and ammunition by an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3) and was sentenced to one year and one day of imprisonment on that charge. Costianes, 782 F. Supp. 3d at 258. While Mr. Costianes' appeal of that sentence was pending in the Fourth Circuit, his January 6 case was dismissed pursuant to the Pardon. Id.; (Document No. 25, p. 7); United States v. Costianes, 1:21-CR-180-RJL (D.D.C.) (Leon, J.) (Document No. 93).

Mr. Costianes then "filed an Emergency Motion for Relief with the Fourth Circuit requesting the U.S. Marshals release him from custody in the Maryland case[,] citing [the Pardon]." (Document No. 25, p. 7); United States v. Costianes, No. 24-04543 (4th Cir. Oct. 15, 2024) (Document No. 17).  Mr. Costianes argued that his Maryland case was derivative of his January 6 case and thus should fall under the Pardon.  Id.  Despite the Government's "attempt[] to take the issues out of the Fourth Circuit's hands by vacating the Maryland conviction, and dismissing the Maryland indictment, thereby mooting the appeal," the Fourth Circuit nonetheless ordered the parties to provide briefs regarding the applicability of the Pardon to the Maryland case.  (Document No. 25, p. 8).  See also Costianes, 782 F. Supp. 3d at 258–59.

At the time Defendant filed the instant motion in this matter, the Fourth Circuit had not yet ruled on Mr. Costianes' motion for relief.  See United States v. Costianes, No. 24-04543 (4th Cir. Oct. 15, 2024).  Defendant asserted that "[p]resumably, the Fourth Circuit's decision will direct this Court's disposition of this Motion."  (Document No. 25, p. 8).

In the time since Defendant filed the instant motion, the Fourth Circuit remanded Mr. Costianes' case to the United States District Court for the District of Maryland with directions to determine whether the Pardon applied to Costianes' conviction.  Costianes, No. 24-04543 (Document No. 37).  The District of Maryland then squarely rejected the conclusion Defendant now urges in this Court.  Costianes, 782 F. Supp. 3d at 253.  The court found it "abundantly clear that the Pardon does not extend so far as to cover offenses discovered as a result of investigations relating to January 6," writing:

> True enough, Costianes' crime would likely not have been uncovered had he not been present at the United States Capitol that day and had the warrants related to that conduct not issued. However, the plain language of the Pardon simply cannot be stretched so far as to cover Costianes' offense in this district.

5

Id. at 263.

The Government subsequently offered an alternative justification for dismissal of Mr. Costianes' indictment in the Maryland case, based on "wholly discretionary" determinations regarding where its resources "are best spent." United States v. Costianes, 2025 WL 1615565, at *2 (D. Md. June 6, 2025). The court granted dismissal of the indictment on this alterative basis, again expressly finding "that the Pardon does not supply a good faith basis for dismissing the case." Id. at *1–2. See also United States v. Costianes, 2025 WL 2085349 (D. Md. July 24, 2025).

Defendant Daniel also argues that the Court "should dismiss a case, when, as here, the defendant can show that he has been deprived of due process." (Document No. 25, p. 5). Defendant contends "[i]t creates a due process issue that the [G]overnment has not dismissed this case, while others in different districts have been dismissed." Id. at pp. 8–9. Defendant further contends that "[i]f the scope and ramifications of the [Pardon] are construed more narrowly for Mr. Daniel than they have been for other similarly situated defendants by other district courts, Mr. Daniel's due process rights will be violated." Id. at p. 10.

In response, the Government contends: "Defendant acknowledges that 'the charges here are unrelated to the January 6 case,' and that the pardon does not 'reach' the indictment in this district. Such a concession is sufficient to dispose of Defendant's request." (Document No. 32, p. 1). The Government further contends that "[w]hile Defendant's convictions related to the January 6 offenses are certainly wiped away, the pardon does not affect the underlying investigation or unlawful conduct of the defendant." Id. at p. 6. The Government also argues "Defendant mischaracterizes the evidence in the child exploitation investigation by claiming that *all* of the evidence supporting the WDNC indictment" is derivative of the January 6 investigation. Id. at p. 6. The Government contends that, in reality, both the Mint Hill Police Department ("MHPD") and

6

the Forsyth County Sheriff's Office ("FCSO") "had already taken substantial independent steps in investigating [the child exploitation] crimes, including interviews and device extractions," and "[n]either the MHPD nor FCSO investigation was opened because of, or related in any way, to the events of January 6, 2021." Id. at pp. 2, 6.

The Government also asserts that "[t]he Department of Justice has discretion to determine whom to prosecute." Id. at p. 7. Moreover, the Government contends: "Defendant was not treated any differently than the other January 6 defendants regarding those offenses that the pardon covers. His charges were dismissed. Additionally, around the country, cases with defendants facing charges that may have risen out of the January 6 investigation are being reviewed individually." Id. at p. 9.

In reply, Defendant contends: "That the government has prosecutorial discretion does not mean it can arbitrarily narrow the pardon's scope as applied to Mr. Daniel based on the nature of the crimes he allegedly committed." (Document No. 35, p. 8).

The undersigned agrees with the Government and finds Defendant's arguments unavailing. Defendant urges the Court "to interpret the scope and effect of the pardon in a manner that is consistent with what other federal courts are doing," and "[p]articularly, courts within this Circuit." Id. at pp. 8–9. The undersigned finds that the treatment of the Pardon's scope and effect by the United States District Court for the District of Maryland in Costianes is instructive here. 782 F. Supp. 3d 253 (D. Md. 2025).

President Trump's Proclamation "grants a full, complete and unconditional pardon to…individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021," and goes on to "direct the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against individuals *for their conduct related*

*to the events at or near the United States Capitol on January 6, 2021*." Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025); (Document No. 25-1, p. 1) (emphasis added).

The Costianes court rejected the arguments "that the Pardon applies to [Costianes' Maryland] offense because it was discovered as a result of the execution of a warrant arising out of his conduct at the United States Capitol on January 6, 2021, and that the Pardon's 'related to' language is broad enough to cover it." United States v. Costianes, 782 F. Supp. 3d at 263. The court held that "[t]he Pardon applies to *offenses*—not *investigations*—related to January 6," and "while the investigation that ultimately led to Costianes' conviction…was of course related to January 6, the offense itself was not." Id. at 263–64 (emphasis in original) (citing United States v. Wilson, 2025 WL 1009047, at *5 (D.D.C. Mar. 13, 2025)).

In United States v. Wilson, the United States Court of Appeals for the District of Columbia Circuit similarly wrote:

> The Presidential Pardon states that it applies to "individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." …That language plainly applies to related offenses—not, as here, to an offense that is only connected to January 6 by the happenstance that it was uncovered during investigation of the unrelated January 6 offenses.
> …
> The pardon does not cover offenses wholly independent of events at the Capitol on January 6, even if uncovered during investigation of January 6 offenses.

2025 WL 999985, at *2 (D.C. Cir. Apr. 2, 2025). See also United States v. Wilson, 2025 WL 1009047, at *8 (D.D.C. Mar. 13, 2025) ("To interpret the Presidential Pardon to apply to *any* type of offense—no matter when or where that offense was committed—simply because evidence of that offense was uncovered incident to a January 6-related search warrant would defy rationality." (internal quotations omitted)).

Here, Defendant readily concedes that the offenses charged in this matter are unrelated to the events of January 6. Consistent with <u>Costianes</u>, the undersigned respectfully recommends that the Court reject Defendant's argument that "the Pardon requires dismissal because this case is entirely based on evidence that was seized pursuant to search warrants obtained exclusively in furtherance of [the] now-pardoned January 6 case." (Document No. 25, p. 1). It appears to the undersigned that the Pardon's scope does not extend to the child exploitation offenses charged in the instant matter.

Defendant's arguments regarding due process are similarly unavailing. The undersigned is not persuaded that the Government here is "arbitrarily narrow[ing] the pardon's scope as applied to Mr. Daniel." (Document No. 35, p. 8). Rather, the Government here suggests an application of the Pardon that appears consistent with its proper scope, as described above. Moreover, the court in <u>Costianes</u> repeatedly indicated that for the Government to seek dismissal of the indictment based on such a broad reading of the Pardon would be so unreasonable as to constitute bad faith. <u>See, e.g.</u>, <u>United States v. Costianes</u>, 2025 WL 1515565, at *1 (D. Md. June 6, 2025).

For the foregoing reasons, the undersigned respectfully recommends that Defendant's motion to dismiss the indictment in this matter pursuant to the Pardon be denied.

### B. Motion To Suppress

Defendant alternatively requests that the Court "suppress all evidence obtained by and derivative of the [G]overnment's execution of the J6 Search Warrant." (Document No. 25, p. 11). Defendant argues that "[h]ere, the warrants were unlawful because they were issued for a pardoned case that never should have been brought, is treated by the law as having never been brought, and that was a 'grave national injustice.'" (Document No. 25, p. 11).

9

The Government responds that "the evidence obtained from the WDNC Search Warrant related to January 6 should not be suppressed because it was lawfully seized." (Document No. 32, p. 10). The Government contends that "[s]imply put, there was no Fourth Amendment violation in this case." Id. The Government alternatively contends that "suppression is not warranted because the officers relied on the warrant in good faith." Id.

In reply, Defendant reiterates his argument "that evidence discovered during a January 6 related search is covered by the pardon." (Document No. 35, p. 10). Defendant contends his argument "turns on the proper interpretation of President Trump's pardon, not whether his Fourth Amendment rights will be violated unless the evidence is suppressed." Id. at p. 11.

Thus, Defendant's arguments for suppression also rest on the applicability of the Pardon to the investigation giving rise to the offenses charged in this matter. The undersigned again looks to Costianes for the proposition that "[t]he Pardon applies to *offenses*—not *investigations*—related to January 6." United States v. Costianes, 782 F. Supp. 3d 253, 263 (D. Md. 2025). Accordingly, Defendant's arguments for suppression appear unavailing, and the undersigned respectfully recommends that the motion to suppress be denied.

### III.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss, Or In The Alternative, To Suppress And Memorandum In Support" (Document No. 25) be **DENIED**.

### IV.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: October 2, 2025

David C. Keesler
United States Magistrate Judge