**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**　　　　) | **DOCKET NO.: 3:24-CR-209-FDW** |
| ) | |
| ) | **GOVERNMENT'S RESPONSE** |
| **v.**　　　　　　　　　　　　　　) | **TO DEFENDANT'S OBJECTIONS** |
| ) | **TO MEMORANDUM AND** |
| **DAVID DANIEL**　　　　　　　　) | **RECOMMENDATION** |
| ) | |

NOW COMES the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, and hereby responds to Defendant's Objections to Memorandum and Recommendation ("M&R") (Doc. 45). The Government respectfully requests the District Court adopt the findings of the Magistrate Judge and deny Defendant's Motion to Dismiss, or in the Alternative, to Suppress (Doc. 25) and do so without hearing.

## I.　INTRODUCTION

Defendant largely recycles the same arguments made in his initial Motion to Dismiss or Suppress and the ensuing Reply (Doc. 35) to the Government's Response in Opposition (Doc. 32). In his Objections, Defendant argues that two of the cases referenced by the Magistrate Judge are not binding and should not be relied upon. Defendant also claims that the M&R makes no finding as to whether Defendant's child exploitation case would have moved forward absent the investigation into Defendant related to the events at the Capitol on January 6. Lastly, Defendant repeats his argument that his due process rights were violated, and that no explanation was provided as to why the Government proceeded with the child exploitation charges against Defendant.

1

## II. RESPONSE

While each of Defendant's Objections will be addressed briefly below, those Objections have already been addressed in the Government's Response (Doc. 32), and the Government respectfully requests those arguments be incorporated here.

### A. The cases cited in the M&R provide guidance and support for the Court.

In the M&R, the Magistrate Judge cites to a number of cases, including *United States v. Costianes*, 782 F.Supp.3d 253 (D. Md. May 9, 2025) (Bredar, J.), and *United States v. Wilson*, 2025 WL 1009047, (D.D.C. Mar. 13, 2025). Defendant argues that the M&R relies on the holdings from those opinions, however, the Magistrate properly looked to those opinions for guidance. As noted by Defendant, this is a matter with very little related jurisprudence, so it is practical for the Court to look at opinions from other districts within the Fourth Circuit and other circuit courts who have ruled on similar cases.[1]

The Court in *Costianes* squarely rejected the argument that Pardon covered Costianes subsequent conduct involving the illegal possession of a firearm, despite that offense being discovered because of the January 6 investigation. *Costianes*, 782 F.Supp.3d at 261-65. In the instant case, the Court has applied that same conclusion.

Additionally, *Costianes* looks at the discretion of the Government in its ability to decide how and if to proceed with cases, "[T]he Executive remains the absolute judge of whether a prosecution should be initialed and the first and presumptively the best judge of whether a pending prosecution should be terminated." *Id.* at 268 (quoting *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975). The Court also emphasized "the Government of course has broad prosecutorial discretion," echoing the argument may by the Government in this case in its Response (Doc. 32 at

---

[1] As Defendant notes, it was Defendant who first drew the Court's attention to *Costianes*. Now Defendant objects to its instructiveness.

7). *Costianes*, 782 F.Supp.3d at 268; *see United States v. Blaszczak*, 56 F.4th 230, 238 (2d Cir. 2002).

**B. The Court does not need to make any additional findings about the investigation.**

Defendant claims, once again, that the investigation into Defendant for his sexual exploitation of minors would not have occurred absent the January 6 investigation. As explained in the Government's initial Response (Doc. 32), that is incorrect. At the time that federal agents were coordinating to arrest Defendant and execute search warrants related to January 6, Defendant was already under investigation by both the Mint Hill Police Department and Forsyth County Sheriff's Office for sexually exploiting two separate minors in two independent investigations. Defendant claims that the state investigation was abandoned, which is wrong and cannot be reconciled with the fact that there were two separate ongoing child exploitation investigations centered on the Defendant's misconduct. Defendant also references that there "remained the possibility of state- level prosecutions in Mecklenburg and Forsyth Counties, but those are different matters that would not have been a federal prosecution." (Doc. 45 at 7). This too is incorrect because it fails to recognize that cases may be and are routinely pursued simultaneously by separate sovereigns in both state and federal court.

Additionally, the Court does not need to make any additional findings if the Pardon does not cover the offense conduct surrounding the child exploitation investigation. As the Court made clear in the M&R, the Pardon does not cover this conduct.

**C. The Court addresses Defendant's due process claim.**

In the M&R, the Court denies Defendant's argument that there was some due process violation by the Government's prosecution of Defendant for the child exploitation crimes. Defendant is not satisfied and claims, just as he did in his initial Motion (Doc. 25), that Defendant's

3

due process rights were violated because the Government never stated a basis for continuing to prosecute Defendant. Those claims were addressed by the Government in its Response. (Doc. 32 at 9).

Defendant argues that the Government "must articulate a valid, permissible basis in the face of a due process challenge", citing to *United States v. Hastings*, 126 F.3d 310 (4th Cir. 1997). In that case, the Court found that a defendant bears the "heavy burden" of proving a due process violation of selective prosecution by satisfying two prongs, "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Hastings*, 126 F.3d at 313; *United States v. Armstrong*, 517 U.S. 456 (1996). Here, Defendant has completely failed to meet the requirement of either prong. Defendant has not established that the federal prosecutorial policy had a discriminatory effect, where the charges facing Defendant that were tied to the January 6 investigation were dismissed. Defendant has also failed to show that the prosecution of Defendant was motivated by a discriminatory purpose. Here, Defendant is being prosecuted for sexually abusing children and was the subject of two pending investigations related to that conduct at the time of his indictment for those crimes. Additionally, as referenced in the Response, the Government has proceeded in other prosecutions of defendants charged with crimes where the conduct was revealed only as a result of the investigation into the events at the Capitol on January 6. *See United States v. Kelley*, 3:22-CR-118-TAV (E.D. Tenn. Dec. 16, 2022), and *United States v. Taranto*, 1:23-CR-229-CJN (D.D.C. Jan. 25, 2025). There is no due process violation in this case as concluded by the Magistrate Judge. As referenced above, the Government has broad discretion in how it prosecutes a case.

4

### III. CONCLUSION

The Government respectfully requests that the Court adopt the Magistrate Judge's Memorandum and Recommendation and deny Defendant's Objections and request for further hearing.

RESPECTFULLY SUBMITTED this 26 day of November 2025.

RUSS FERGUSON
UNITED STATES ATTORNEY

/s/ Nick J. Miller
NICK J. MILLER
NC Bar No. 46268
Assistant U.S. Attorney
United States Attorney's Office
227 West Trade St, Suite 1650
Charlotte, NC 28202
Phone: (704) 338-3157
Email: nick.miller@usdoj.gov

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's June 18, 2024, Standing Order, which was published to the Bar of the Western District of North Carolina on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, Fast Case, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 26th day of November 2025.

/s/ Nick J. Miller
Assistant United States Attorney

6