IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:24-cr-00209-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>DAVID PAUL DANIEL,<br><br>Defendant. | **DEFENDANT'S REPLY IN SUPPORT OF HIS OBJECTIONS TO THE MEMORANDUM & RECOMMENDATION** |

Defendant, David Daniel, submits this Reply in Support of his Objections to the Memorandum and Recommendation (Doc. 45). The government's Response (Doc. 49) generally refers the Court to its previous submissions, stating that Mr. Daniel's "Objections have already been addressed in the Government's Response." Resp., p. 2. In similar fashion, Mr. Daniel's Objections and briefing for the underlying Motion to Dismiss or Suppress (Doc. 25) anticipate and address what the government presents in the Response. Therefore, while of course he disagrees with the government's Response and concedes nothing, Mr. Daniel respects the Court's time and will not repeat his arguments in a Reply.

He does, however, wish to clarify a handful of points raised in the government's Response.

    *1. Mr. Daniel has Not Taken Inconsistent Positions on Costianes' Applicability*.

First, although it is true that Mr. Daniel's early briefing anticipated that the then-developing *Costianes* case would be instructive, that is because at the time the

Motion to Dismiss was being briefed, Mr. Daniel reasonably believed, based on its procedural posture, that the case would soon give rise to mandatory guidance from the Fourth Circuit. As noted in the Objections, it turned out that our Circuit never reviewed the district court's decisions in *Costianes*, and therefore the case never yielded the mandatory instruction that the parties anticipated. Objections, pp. 1-2. Thus, the Response is not accurate to imply that Mr. Daniel changed his mind about *Costianes*' instructiveness just because it did not go his way. Resp., p. 2, n. 1. Rather, *Costianes* – at the appellate level – simply did not go in either party's way because it did not lead to a relevant, binding appellate opinion.

    2. *The M&R is Not Based on Adequate Findings.*

Mr. Daniel validly argues that the instant federal case would not have arisen but for the January 6 investigation and prosecution. The government insists otherwise, on the basis that state authorities already were investigating Mr. Daniel for child exploitation claims before the January 6 warrants were executed. Resp., p. 3. However, the state investigations were likely abandoned and (until the January 6 case) unknown to federal authorities. Objections, pp. 7-8.

This is evidenced, among other facts, by the substantial amount of time that elapsed between the last known event in the Mint Hill investigation and the federal case. The Mint Hill investigation ceased in early 2021 and the January 6 search did not occur until very late in 2023. (Doc. 26-2, p. 8). And, the Mint Hill case lay dormant for years until – only immediately *after* the January 6 warrant was executed in November 2023 – state authorities notified federal investigators about the dormant

2

state investigation: "Several days after the November 30, 2023, arrest and search, investigators were notified by MHPD detectives that MHPD possessed the download of an iPhone, which had been seized on March 20, 2021, during the investigation into child exploitation offenses…." (Doc. 26-2, p. 8).[1] Federal authorities never would have known about or prosecuted this case if the January 6 case had not occurred, and would never have searched the devices seized during the search of Mr. Daniel's residence (which was only for the January 6 case) but for the January 6 case. (Doc. 26-1, 26-1). Indeed, it appears that even the phone seized by state authorities on March 20, 2021 would not have been searched but for the January 6 case.

That the Mint Hill case had ended is also evidenced by the fact that the original January 6 search warrant affidavit dated November 28, 2023 says nothing about facts learned during the Mint Hill and Forsyth County investigations and relies elusively on allegations about what happened at the Capitol on January 6, 2021. Objections, p. 8 (citing Doc. 26-1). Federal filings discussing the state investigations only began with the August 7, 2024 search warrant affidavit seeking to search electronic devices seized pursuant to the November 28, 2023 warrant that pertained only to the January 6 case. (Doc. 26-2). In other words, the root of the instant case lies entirely within the January 6 investigation.

Faced with this compelling evidence that this case, at the federal level, arose exclusively because of the January 6 investigation, the government responds simply

---

[1] It appears that the phone MHPD seized on March 20, 2021 was not searched until after the November 2023 January 6 search of Mr. Daniel's residence. (Doc. 26-2, pp. 8-9).

by saying that Mr. Daniel's allegation that the state cases were abandoned is "wrong." Resp., p. 3. Why this is "wrong," the government never says. This is precisely why the Court should conduct an evidentiary hearing for the Motion to Dismiss or Suppress. If Mr. Daniel is "wrong" – particularly since he has presented evidence that he is not wrong – the government should have to rebut his showing with evidence, not a single bald denial.[2]

    *3. The Government has Violated Due Process.*

The government continues to erroneously hold out the *Kelley* and *Taranto* cases as support for its assertion that it has not violated Mr. Daniel's due process rights by declining to dismiss this case. Resp., p. 4. Those cases were not, as the government contends, solely based on evidence the federal government obtained because of January 6 investigations. For example, as Mr. Daniel has explained in earlier briefing that is incorporated by reference, the *Taranto* case arose because the

---

[2] The government misunderstands and therefore inadvertently misstates Mr. Daniel's point that there "remained the possibility of state- level prosecutions in Mecklenburg and Forsyth Counties, but those are different matters that would not have been a federal prosecution." Resp, p. 3 (quoting Doc. 45, at p 7). Mr. Daniel does not argue that same or similar crimes are not simultaneously prosecuted at the state and federal level, and agrees that occurs with some frequency.

The point is that here, they were not. And they would not have been but for the January 6 investigation. There was no federal prosecution for child exploitation until one arose out of and because of the January 6 investigation and evidence seized during the execution of a warrant, at the end of November 2023, that was issued solely for a January 6 case. The state child exploitation facts were not known to the federal government until then, and there is no evidence that they would ever have become known to the federal government without the January 6 warrant and search. The government has presented no evidence otherwise. This is one reason why the Court should conduct an evidentiary hearing.

defendant disclosed his offenses live on a public YouTube channel. (Doc. 35, p. 8; *see also* Doc. 45, pp. 11-12.). Given that these are the only two cases identified by either party where the government did not dismiss cases involving the same argument Mr. Daniel makes here, the government's heavy reliance on *Kelley* and *Taranto* only strengthens the appearance of a due process violation by exposing that this case is a true outlier with respect to how the government has handed all cases of this nature. Simply put, the government is groundlessly treating Mr. Daniel differently from every other similarly- situated defendant. In the absence of any government explanation that could allow the Court to determine that the government's decision is not improper, the disparity and context offer strong circumstantial evidence that this case is an indirect effort to punish Mr. Daniel for exercising his First Amendment protest rights.

*4. Conclusion.*

The Court should dismiss the case or, at minimum, conduct a suppression hearing and suppress any evidence derived from the investigation for the pardoned January 6 case.

Respectfully submitted this 3rd day of December, 2025.

/s/ William R. Terpening
William R. Terpening
N.C. Bar No. 36418

**TERPENING LAW PLLC**
221 W. 11th Street
Charlotte, North Carolina 28202
terpening@terpeninglaw.com
(980) 265-1700

*Counsel for Defendant David Paul Daniel*

## CERTIFICATE OF COMPLIANCE WITH STANDING ORDER IN RE: USE OF ARTIFICAL INTELLIGENCE

      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in Westlaw. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

      Dated: December 3, 2025.

                                             /s/ William R. Terpening
                                             William R. Terpening

## CERTIFICATE OF SERVICE

I certify that I have filed this **DEFENDANT'S REPLY IN SUPPORT OF HIS OBJECTIONS TO THE MEMORANDUM & RECOMMENDATION** through the Court's CM/ECF system, which constitutes service on all parties.

Dated: December 3, 2025.

/s/ William R. Terpening
William R. Terpening