UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CR-00209-MEO-DCK

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| DAVID DANIEL, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss, or in the Alternative, to Suppress and Memorandum in Support" ("Motion") (Doc. No. 25); the Memorandum and Recommendation ("M&R") of the assigned Magistrate Judge recommending that the Motion be denied (Doc. No. 40); and Defendant's "Objections to Memorandum & Recommendation (Evidentiary Hearing and Oral Argument Requested)" ("Objections"). (Doc. No. 45).

The Court has carefully considered the Motion, M&R, and Defendant's Objections *de novo*. For the reasons discussed below, the Court will **DENY** the Motion and **ADOPT** the Magistrate Judge's M&R.

**I. LEGAL STANDARD**

A district court may refer a motion to dismiss an indictment or a motion to suppress evidence to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). *See* Fed. R. Crim. P. 59(b)(1); 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation modified). After reviewing the record, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. FACTS AND PROCEDURAL HISTORY

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case as set forth in the M&R. *See* (Doc. No. 40 at Section I). Therefore, the Court adopts the factual and procedural background.

On October 02, 2025, Magistrate Judge David Keesler issued the M&R. *Id.* The M&R considered Defendant's arguments and recommended the Motion be denied. *Id.* at 10. On October 27, 2025, Defendant filed Objections to the M&R. (Doc. No. 45). Defendant raised three issues with respect to both the dismissal and suppression components of the Motion. Defendant objected to (1) the portion of the M&R which Defendant asserts "relies heavily on only two opinions, which are not binding and merely persuasive authority. . ."; (2) the Court's decision not to "make any finding about [Defendant's] factual assertion that this case would not have arisen but for the investigation in his January 6 case"; and (3) the Court's alleged failure to "provide substantive

reasoning for its conclusion that there is no due process violation." (Doc. No. 45 at 1-3, 9).

## III. DISCUSSION

In January 2025, President Trump issued a proclamation "grant[ing] a full, complete and unconditional pardon to . . . individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." (the "Pardon"). Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). The Pardon went on to "direct the Attorney General to pursue dismissal with prejudice to the government of all pending *indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." Id.*; *see also* (Doc. No. 25-1 at 1) (emphasis added).

Defendant argues the Pardon requires this Court to dismiss the child exploitation charges in this matter or, alternatively, to suppress the evidence the Government obtained during its investigation. As an initial matter, the Court finds that child exploitation is not "conduct related to the events at or near the United States Capitol on January 6, 2021." The Pardon's plain language does not apply to the indictment in this case.[1] To argue that it does "strains credulity for even the most casual user of words." *McDonald v. City of Chicago*, 561 U.S. 742, 811 (2010) (Thomas, J., concurring). Moreover, Defendant's due process argument regarding selective prosecution fails. *See* (Doc. No. 35 at 8). Whether the Government has made an inconsistent argument in another case involving wholly different alleged crimes is of no moment, considering the broad nature of prosecutorial discretion. *See, e.g., United States v. Armstrong*, 517 U.S. 456, 464 (1996) (recognizing that "in the absence of clear evidence to the contrary, courts presume that [federal

---

[1] The Court notes the Magistrate Judge reached the same conclusion. *See* (Doc. No. 40 at 9) ("It appears to the undersigned that the Pardon's scope does not extend to the child exploitation offenses charged in the instant matter."). Defendant also acknowledged that "[t]he charges here are unrelated to the January 6 case." (Doc. No. 25 at 1).

prosecutors] have properly discharged their official duties") (quoting *United States v. Chemical Found., Inc.*, 272 U.S. 1, 14–15 (1926)). Nor does Defendant point to any similar prosecution where the alleged relevant conduct identified during the January 6 investigation involves receipt and possession of child pornography and sexual exploitation of minors.

The Court has reviewed Defendant's Motion and objections and has conducted a full *de novo* review of the M&R and other documents of record. Having done so, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge. Defendant's motion to dismiss, or in the alternative, to suppress is **DENIED.**

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED that**:

1. The Magistrate Judge's M&R, (Doc. No. 40), is **ADOPTED** as described herein; and
2. Defendant's "Motion To Dismiss, Or In The Alternative, To Suppress And Memorandum In Support" (Doc. No. 25), is **DENIED.**

**SO ORDERED.**

Signed: January 27, 2026

Matthew E. Orso
United States District Judge